## RUDOLPH STUHR v. WRIGHT COUNTY TELEPHONE COMPANY.[1]

December 6, 1912.

Nos. 17,934—(84).

**Negligence — damages not excessive.**
    While the plaintiff was driving a threshing outfit on a highway, the

[1] Reported in 138 N. W. 693.

---

Note.—As to liability generally for injury or death of traveler coming in contact with electric wire in highway, see note in 22 L.R.A.(N.S.) 1169.

smokestack of the engine came in contact with the wires of the defendant, suspended over the highway so low as to obstruct travel thereon, whereby he sustained personal injuries, for which he had a verdict for $2,450. Evidence considered, and *held,* that it sustains a finding that the defendant was negligent, that the plaintiff was not, and that the award of damages is not excessive.

Action in the district court for Wright county to recover $5,000 for personal injuries. The case was tried before Giddings, J., and a jury which returned a verdict in favor of plaintiff for $2,450. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Latham, Pidgeon & Larson,* for appellant.

*Woolley & Johnson,* for respondent.

START, C. J.

The plaintiff, on September 15, 1911, was driving on a public highway in the town of Marysville, in the county of Wright, with a threshing outfit, when the smokestack of the engine on which he was riding came in contact with the wires of the defendant suspended over the highway. He heard some one call out that he was against the wires. He stopped the engine at once, and went forward on the running board of the engine to investigate the situation, when the wires broke loose and threw him down, whereby he was injured to some extent. This is an action to recover damages for his injuries, on the alleged ground that they were caused by the negligence of the defendant in maintaining its wires so low over the highway as to obstruct and endanger travel thereon. The answer denied the alleged negligence, and alleged that the plaintiff's injuries were caused by his own negligence. The plaintiff had a verdict for $2,450, and the defendant appealed from an order of the district court of the county of Wright, denying its alternative motion for judgment or a new trial.

No claim is here made by the defendant that the evidence was not sufficient to sustain a finding that it was negligent as alleged, but it contends, in effect, that as a matter of law both the complaint and the evidence conclusively show that the plaintiff's injury was the re-

sult of his own negligence. The contention is, in substance, that the plaintiff, when he stopped his engine, upon being told that he was against the wires, went forward from a place of safety to one of danger to investigate their condition; that he knew before he started forward that the wires were taut against the smokestack and pushed out of line, and liable to break any time and injure some one; and that he fully appreciated the hazard of the situation. While detached portions of the plaintiff's cross-examination seemingly furnish some basis for the contention, yet it is clear from his whole testimony, if credible, of which the jury were the judges, that he did not in fact know of the condition of the wires, or of any danger, when he started forward, and did not learn of it until he was within two feet of the smokestack.

His cross-examination as to where he was when he first learned that the wires were taut against the smokestack was this:

"Q. And after you saw how taut they were, you came to the conclusion it was dangerous for anybody to be around there; that they were liable to break at any time, and injure some one? A. Yes, sir. Q. And when you came to that conclusion, and saw the condition it was in, you were down in the position you occupied when you operated your engine? A. No, sir; I was on the platform by the side of the engine. When I noticed the wires were against the smokestack, I was standing on the platform by the side of the engine. Q. That is, when you noticed the condition of the wire that it was taut and dangerous? A. Yes, sir. Q. How far away were you when you noticed that condition? How far was the little platform on which you were standing from the wires on the smokestack at the time you saw and noticed it was in a dangerous condition? A. About two feet. Q. I think you said you thought it was liable to break at any time and tear the machine to pieces? A. Yes, sir. Q. And right in the face of that knowledge, and of that condition that it was liable to break at any time and tear the machine to pieces, you stepped up there and tried to loosen it? A. No, sir; when I seen it was in that dangerous condition— Q. Where were you then? A. I was on this little platform by the side of the boiler. Q.

Two feet away from the wire? A. Yes, sir. Q. That is when you were about two feet from the wire? A. Yes, sir; I didn't know just how far, but I stepped back, or thought I would go back, and back up the engine to slacken the wires, so the men could take a fork and raise the wires over the stack. Q. When you saw the wires were so taut against the smokestack, you testified a moment ago that, when you saw that position, you were down on the platform where you operated the engine? A. No, sir; I was on the little platform on the side of the boiler. Q. You say that you heard Roberz or some one holler that the wires were caught? A. Something like that; I heard some one holler, 'Whoa!' Q. And you looked up from where you were, and saw the wires were against the smokestack? A. I couldn't see if they were against the smokestack or not."

It is perfectly obvious, in view of this testimony, that the plaintiff was not guilty of contributory negligence, and that the defendant was not entitled to an instructed verdict. Nor is it entitled to a new trial on the ground that the verdict is not sustained by the evidence.

The trial court instructed the jury that, in case they found for the plaintiff, they might, in assessing his damages, take into consideration any loss of time resulting directly from his injury. The defendant excepted to this instruction on the sole ground that loss of time was not pleaded, and the trial court, on plaintiff's motion, then allowed an amendment of the complaint in this respect. On the motion for a new trial, and here, the defendant assigned the giving of the instruction as error, and assigned the same reason stated in taking its exception on the trial. In its brief the defendant urges that the instruction was error for the further reason that there was no evidence of the value of the time lost. The defendant is limited to the ground relied on and urged in his exception and assignment of error in the trial court; for, having undertaken to advise the court of its specific objection to the instruction, and the court having obviated it by allowing an amendment to the complaint, it would be manifestly unfair to permit him here to urge for the first time another ground of error.

We hold that the trial court did not abuse its discretion in allowing the amendment, and that the instruction was not reversible error.

The last contention is that the damages awarded are excessive, and appear to have been given under the influence of passion or prejudice. The evidence tends to show that the plaintiff is a farmer; that he fell against the wheel of the engine, breaking his rib, and seriously injuring his back and hip bone, causing him severe pain; that he was confined to his bed for two weeks, and has not been able to do any work since, as it hurts his backbone. There was also medical testimony to the effect that at the time of the trial there was a weakness of his hip, due to the injury, a possibility of nerves or tendons included in the callous, and that in time, with the hardening of the tissues, excruciating pain might result, and such condition might be permanent. A consideration of the whole evidence leads us to the conclusion that the award of damages was liberal, but not so excessive as to justify any interference with it by this court.

Order affirmed.